**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Kenneth Green, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2014-000773

Appeal From The Administrative Law Court
Carolyn C. Matthews, Administrative Law Judge

Unpublished Opinion No. 2015-UP-197
Submitted March 1, 2015 – Filed May 6, 2015

**AFFIRMED**

Kenneth Green, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

**PER CURIAM:** Kenneth Green appeals the Administrative Law Court's (ALC's) order affirming the decision of the Department of Probation, Parole and Pardon Services (the Department) denying his petition for release. On appeal, Green

argues (1) the Department incorrectly denied him parole based on the number of votes he received at a November 29, 2000 parole hearing and an August 13, 2013 *Barton*[1] petition, (2) the ALC incorrectly interpreted the record in determining he did not receive four votes in favor of granting parole, and (3) the ALC erred in refusing to admit evidence relevant to the Department's parole board voting procedures.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issue 1: S.C. Code Ann. § 1-23-610(B)(e) (Supp. 2014) (providing "[t]he court of appeals . . . may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is . . . clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record"); *id.* ("The court may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact."); *Leventis v. S.C. Dep't of Health & Envtl. Control*, 340 S.C. 118, 133, 530 S.E.2d 643, 651 (Ct. App. 2000) ("In administrative proceedings, the general rule is that an applicant for relief . . . has the burden of proof, and the burden of proof rests upon one who files a claim with an administrative agency to establish that required conditions of eligibility have been met." (internal quotation marks omitted)); *Barton*, 404 S.C. at 401, 745 S.E.2d at 113 ("In determining whether the ALC's decision was supported by substantial evidence, [an appellate court] need only find, looking at the entire record on appeal, evidence from which reasonable minds could reach the same conclusion that the ALC reached."); *Sanders v. S.C. Dep't of Corr.*, 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("The mere possibility of drawing two inconsistent conclusions from the evidence does not prevent a finding from being supported by substantial evidence.").

As to Issues 2 and 3: *Leventis*, 340 S.C. at 133, 530 S.E.2d at 651 ("In administrative proceedings, the general rule is that an applicant for relief . . . has the burden of proof, and the burden of proof rests upon one who files a claim with an administrative agency to establish that required conditions of eligibility have been met." (internal quotation marks omitted)); S.C. Code Ann. § 1-23-610(B)(f) (providing "[t]he court of appeals . . . may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is . . . arbitrary or capricious or characterized by abuse of

---

[1] *Barton v. S.C. Dep't of Prob. Parole & Pardon Servs.*, 404 S.C. 395, 745 S.E.2d 110 (2013).

discretion or clearly unwarranted exercise of discretion"); Rule 61, SCALCR ("The record on appeal shall consist of the transcript of the proceedings before the agency, if any, and the record of the contested case as described by Rule 58[, SCALCR]."); S.C. Code Ann. § 1-23-380(3) (Supp. 2014) ("If a timely application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court *may* order that the additional evidence be taken before the agency upon conditions determined by the court." (emphasis added)); Rule 58(f), SCALCR ("[T]he record of the contested case shall consist of . . . [*a*]*ny* transcript taken of the testimony during the proceeding." (emphasis added)).

**AFFIRMED.**[2]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.